

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. 0-5511
Re: Constitutionality of Article
1702b-2, Vernon's Texas Civil
Statutes, taxing as costs the
sum of One Dollar ($1.00) in
each civil and criminal case,
except suits for delinquent
taxes, filed in the county or
district courts for a county
library.

This will acknowledge receipt of your letter of recent date requesting the opinion of this department upon the above stated subject.

Article 1702b-2, Revised Civil Statutes, reads as follows:

"Section 1. The Commissioners Courts of all counties within this State, having a population of not less than fifty thousand (50,000) inhabitants, nor more than seventy-eight thousand (78,000) inhabitants, according to the last preceding Federal Census, and in which there is located no Court of Civil Appeals, shall have the power and authority, by first entering an order for that purpose, to provide for, maintain and establish a county law library.

"Sec. 2. For the purpose of establishing 'County Law Libraries' after the entry of such order, there shall be taxed, collected, and paid as other costs for the sum of One Dollar ($1) in each case, civil or criminal, except suits for delinquent taxes,

Honorable R. Y. Cunningham, page 2

hereafter filed in every County or District Court; provided, however, that in no event shall the county be liable for said costs in any case. Such costs shall be collected by the Clerks of the respective Courts in said counties and paid by said Clerk to the County Treasurer to be kept by said Treasurer in a separate fund to be known as the 'County Law Library Fund.' Such fund shall be administered by said Courts for the purchase and maintenance of a law library in a convenient and accessible place, and said fund shall not be used for any other purpose.

"Sec. 3. Said Courts are granted all necessary power and authority to make this Act effective, to make reasonable rules in regard to said library, and the use of the books thereof, and to carry out the terms and provisions of this Act."

Navarro County according to the last Federal Census has a population of 51,308 and has no Court of Civil Appeals located within its boundaries; any authority the district and county clerks of Navarro County possess to charge this One Dollar ($1.00) fee is solely by virtue of Article 1702b-2, supra.

The recent case of Ex Parte Carson (Tex. Cr. R.), 159 S. W. (2d) 126, held that a statute providing for the assessment of One Dollar ($1.00) as cost in criminal cases for county law library fund was unconstitutional and thus could not legitimately be assessed and collected as an item of cost in a criminal action. The reasons set forth were that the particular statute contravened the constitutional inhibition against enactment of local or special laws regulating county affairs or where a general law could be made applicable; that the item of one dollar taxed as costs for law library fund is neither necessary nor incidental to the trial of a criminal case, and is not a legitimate item to be so taxed; and, that to so tax against a defendant in a criminal case in several counties and not tax in other counties where a defendant was convicted of the same offense, would be a discrimination which the law does not recognize or tolerate. Thus, there can be no legitimate assessment in criminal cases of one dollar under any of our present statutes dealing with such a tax for a county library fund.

Honorable K. Y. Cunningham, page 3

We are of the opinion that the opinion that the reasons applied in the Carson case not solely pertinent to criminal actions are equally applicable to suits of a civil nature. Such a tax is in our opinion not a legitimate charge on the litigants to a civil suit. We quote from the Carson case as follows:

"... On one side the courts take the view that the costs may be taxed as a proper item because the money is used in the establishment and maintenance of a law library which, it is stated, is a legitimate charge on the litigants. We find ourselves unable to accept that view. Such reasoning: would lead into fields of expenditures which may as well include the cost of the court houses, the automobiles which officers use to apprehend criminals and even the roads upon which they ride. If something so remote as a law library may be properly charged to the litigant on the theory that it better prepares the courts and the attorneys for the performance of their duties, it occurs to us that we might as logically tax an item of cost for the education of such attorneys and judges and even the endowments of the schools which they attend. Many other illustrations might be used appropriately to show the fallacy of such contention and the inevitable result that litigation in the courts would be prohibitive. We, therefore, conclude, as several states have, that the tax imposed by the bill is not and cannot be logically considered a proper item of cost in litigation, particularly in criminal cases."

Article III, Section 56 of the Constitution of Texas, in part, provides as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

"....

"Regulating the affairs of counties....

"....

Honorable R. Y. Cunningham, page 4

"Regulating the practice . . . . before courts.
. . .

". . . .

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted. . . ."

It seems rather well settled that before statutes which do not have a general application can be sustained as not being a local or special law, the classification used must not be one arbitrarily adopted upon a ground which has no foundation in difference of situation of the counties placed in different classes; that there must be some reasonable relation between their situation and the purposes and objects to be obtained; and, that there must be something which in some reasonable degree may account for the establishment of these classes. Miller v. El Paso County, 150 S. W. (2d) 1000 (Sup. Ct.), and authorities cited therein.

Following the above reasoning, we do not believe there exists legitimate grounds for the classification sought in Article 1702b-2, supra. There are only two grounds upon which the article under consideration could be said to be a reasonable classification. These are that lesser the population the more need for a county library, or greater the population the greater the need for such a library. We do not believe a population bracket is a reasonable classification or ground for a statute of the nature under consideration. It is just as necessary to have a county library in counties of small population as in counties of great population, for insofar as a litigant is concerned, there is just as much need that his cases be impartially and efficiently considered whether the county has a population of 10,000 or 310,000, and conversely the same reasoning applies.

Conceding, however, the population bracket is a reasonable ground of classification in this particular incident, but still firmly convinced to the contrary, we are still of the opinion that the statute under consideration must fall as being a local or special law. The reason for this is that the Legislature has not been uniform or consistent in the classification. If the ground for the classification is the greater

Honorable E. Y. Cunningham, page 5

the population, the greater the need for county libraries, then why stop at counties whose population is over 78,000. It is true, Article 1702d, Revised Civil Statutes, includes counties of 80,000 to 225,000, but so far as population classification, we have no articles dealing in this respect with counties of larger population. If the ground for classification is that less the population the more need there is for a library, then why has the Legislature not provided for libraries in counties under 50,000. In other words, the Legislature has not followed a uniform pattern in its classification. It was for this reason that the Supreme Court in Bexar County v. Tynan, 128 Tex. 223, 97 S. W. (2d) 467, held a population bracket statute unconstitutional as being a local or special law. We quote therefrom as follows:

> ". . . this court recognized that substantial differences in populations of counties could be made a basis of legislation fixing compensation of officers, on the theory, as the court clearly recognized that the work devolving upon an officer was in some degree proportionate to the population of the county. This has frequently been recognized by courts as creating a sufficient distinction to justify a larger compensation for county officers in counties having a large population as compared with compensation to like officers in counties having a small population. Conversely, we think it true that if the Legislature ignores the obvious fact that the work of county officers is proportionate to population and classifies counties in such way that the compensation of officers of a county having a large population is fixed far below the compensation allowed like officers in small counties, such action amounts to fixing a classification which is arbitrary and which has no true relevancy to the purpose of the legislation. . . ."

In Opinion No. O-4439 this department held Article 1702d, Vernon's Texas Civil Statutes, an article similar to the one under discussion, unconstitutional. We enclose a copy thereof.

It is therefore the opinion of this department that the district and county clerks of Navarro County can not

Honorable K. Y. Cunningham, page 6

legitimately tax as costs in criminal and civil cases a One Dollar ($1.00) library fee as provided for in Article 1702b-2, supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Robert O. Koch*

Robert O. Koch
Assistant

APPROVED SEP 30 1945

FIRST ASSISTANT
ATTORNEY GENERAL.

ROK:db

Enclosure

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN